Decided August 2, 1897.
SPALDING *v.* BROWN.
[49 Pac. 731.]

From Multnomah: LOYAL B. STEARNS, Judge.

PER CURIAM. This is a suit by A. G. Spalding & Brothers, a corporation, against Sherman D. Brown and John F. King and wife, to set aside two bills of sale and a chattel mortgage of certain personal property, and to enjoin King and wife from maintaining an action to recover the possession of the same or damages for its detention. It appears that Brown, being engaged in selling bicycles at his place of business on Washington street, Portland, and having quite a stock on hand, on March 7, 1896, executed to King a bill of sale of 25 Ariel wheels, and on the first of the next month he gave the same person another bill of sale of 14 Spaldings, 1 Redenda, 1 Ariel and 7 Crown bicycles; that the wheels described in the first bill of sale were taken by King to his dwelling, but, upon obtaining the second evidence of transfer, the bicycles therein mentioned, together with the previous lot, were removed to a store at No. 130 Sixth street, the lease of which had been taken in his name, and on April 2 he gave his wife a promissory note for the sum of $3,000, payable in one year at 10 per cent. interest, and, at the same time, to secure the payment thereof, he executed to her a chattel mortgage of said property; that on April 14, plaintiff commenced an action against Brown in the Circuit Court of Multnomah County to recover the sum of

$6,406.84, and, having sued out a writ of attachment, caused the said bicycles to be attached as the property of Brown. King, claiming to own the same, and his wife to have a lien thereon, threatened to commence actions to recover possession thereof and damages for withholding the same, whereupon plaintiff instituted this suit, and alleges that the store on Sixth street was leased by Brown, who placed therein these bicycles, under the charge of King, who was in his employ, in whom he placed implicit confidence and to whom, without any consideration therefor, he executed said bills of sale for the purpose of overcoming, as much as possible, the competition of his business rivals; that King, after having taken possession of said store and goods, as the agent of Brown, without the latter's knowledge or consent, and with the intent of defrauding him and his creditors, executed said chattel mortgage to Ella D. King, who, without any consideration therefor, accepted the same with knowledge of the purpose with which it was executed. The answer of King and wife, after denying the material allegations of the complaint, averred that King purchased these bicycles from Brown, paying for the first lot the sum of $1,760, and for the second $1,600, as evidenced by the respective bills of sale executed to him therefor. The reply having put in issue the allegations of new matter contained in the answer, a trial was had and the evidence taken, from which the court found, in addition to the facts hereinbefore stated, that about January 22, 1896, King loaned Brown the sum of $1,000, in consideration of which it was agreed that he should have a lien therefor upon said wheels, and

that at the time they were attached he had a lien thereon to the extent of the sum loaned, less the sum of $200, which had been paid thereon, and rendered a decree in accordance with these findings, except that King was required to pay, out of the amount so awarded, the sum of $160.70 on account of certain fees and expenses incurred in the suit, from which decree plaintiff and King and wife prosecute separate appeals.

AFFIRMED.

Mr. *Arthur C. Emmons* and Mr. *Lionel R. Webster*, for Spalding.

Messrs. *Gearin, Silvestone & Murphy*, for King and wife.

PER CURIAM. The question presented for consideration by this appeal is one of fact, and inasmuch as there exists in the record an irreconcilable conflict in the testimony submitted at the trial, it is impossible for this court to determine the weight of it with any greater degree of certainty than did the trial judge who saw and heard the witnesses, noted their manner, tone and bearing while on the stand, and having reached the conclusion that King loaned to Brown the sum of $1,000 in the manner and under the circumstances indicated, we are not prepared to say, after a careful examination of the record, that this finding is not supported by the evidence, and hence it follows that the decree must be affirmed, and it is so ordered.

AFFIRMED.